**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| AUDREY L. KIMNER, | No. 20-15861 |
| Plaintiff-Appellant, | D.C. No. 5:19-cv-07576-EJD |
| v. | |
| CAPITAL TITLE OF TEXAS, LLC; et al., | MEMORANDUM* |
| Defendants-Appellees. | |

Appeal from the United States District Court
for the Northern District of California
Edward J. Davila, District Judge, Presiding

Submitted March 16, 2021**

Before:    GRABER, R. NELSON, and HUNSAKER, Circuit Judges.

Audrey L. Kimner appeals pro se from the district court's order dismissing

her action alleging federal and state law claims arising from Texas state court cases

in which Kimner claimed fraud in the sale of her condominium. We have

jurisdiction under 28 U.S.C. § 1291. We review de novo a dismissal under the

---

    *    This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

    **    The panel unanimously concludes this case is suitable for decision
without oral argument. See Fed. R. App. P. 34(a)(2).

*Rooker-Feldman* doctrine, *Noel v. Hall*, 341 F.3d 1148, 1154 (9th Cir. 2003), and under 28 U.S.C. § 1915(e)(2)(B), *Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012). We affirm.

The district court properly dismissed Kimner's claims against all defendants (except Margaret A. Poissant) for lack of subject matter jurisdiction under the *Rooker-Feldman* doctrine because her claims are a "de facto appeal" of the Texas state court decisions. *Noel*, 341 F.3d at 1163-65.

The district court properly dismissed nonresident defendant Poissant because Kimner failed to allege facts sufficient to establish that the district court had personal jurisdiction over her. *See Schwarzenegger v. Fred Martin Motor Co.*, 374 F.3d 797, 801-02 (9th Cir. 2004) (discussing requirements for general and specific personal jurisdiction).

We reject as unpersuasive Kinmer's contentions that Magistrate Judge Cousins was biased or conspired against her.

We do not consider matters not specifically and distinctly raised and argued in the opening brief, or arguments and allegations raised for the first time on appeal. *See Padgett v. Wright*, 587 F.3d 983, 985 n.2 (9th Cir. 2009).

**AFFIRMED.**